UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | * | CR. 08-40072 |
| Plaintiff, | * | |
| v. | * | OPINION AND ORDER ON MOTIONS |
| EJAY JOSEPH GOULD, | * | |
| Defendant. | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

A motions hearing was held on Tuesday, March 3, 2009. Defendant Ejay Joseph Gould was present in person and by his counsel, Clint Sargent. The government appeared by its Assistant United States Attorney, Jeff Clapper.

**Defendant's Request Pursuant to 404(b) (Doc. 38)**
**Defendant's Motion for Disclosure of Other Acts Evidence (Doc. 61)**

Defendant has moved the court for an order compelling the United States to disclose other bad acts testimony which it intends to offer under Federal Rule of Evidence 404(b). The United States has agreed to comply, as it must, with Rule 404(b).

Defendant's Motions for Disclosure of Other Acts are granted, in part, and the United States shall provide reasonable notice of its 404(b) evidence no later than two weeks prior to trial. The balance of Defendant's motions are DENIED as to items 1-5 identified in the motion. United States v. Rusin, 889 F.Supp. 1035, 1036 (N.D.Ill. 1995). (Government's notice of its intent to use other crimes evidence was not required to include dates, places and persons involved in specific acts, documents pertaining to acts, and statements of issues to which government believed such evidence was relevant.); United States v. Jackson, 850 F.Supp 1481, 1493 (D.Kan. 1994). (Notice of intent to use prior bad acts evidence need not provide precise details regarding date, time, and place of

prior bad acts, but it must characterize prior conduct to degree that fairly apprises defendant of its general nature.)

**Defendant's Motion to Exclude Spousal Communications (Doc. 62)**
**Defendant's Motion to Suppress re: Gray Cell Phone (Doc. 63)**

Counsel agreed at the hearing these motions are no longer in dispute. Accordingly, they are DENIED as moot.

**Defendant's Motion for Discovery (Doc. 47)**

Counsel offered no specific argument regarding the motion for discovery. Accordingly, it will be DENIED as moot with leave to reopen if discovery becomes disputed.

**Defendant's Motion for Production of Expert Summaries (Doc. 59)**

Defendant requests the disclosure of written summaries of expert testimony it intends to use at trial and requests production at least 30 days in advance of trial. Federal Rules of Evidence 702, 703 and 705 do not provide for advance notice of the information requested in the motion. Federal Rule of Criminal Procedure 16(a)(1)(G) requires that "at the defendant's request" a summary of any expert testimony the government intends to use during its case-in-chief at trial must be provided. The summary must include the witness's opinions, the bases and reasons for those opinions, and the witness's qualifications.

The Government asserts the summary need not be provided until the time of trial. The advisory committee notes, however, do not support such an interpretation. Specifically, the note to the 1993 amendment[1] states that the expert summary requirement "requires the government to

---

[1] Since the 1993 amendment, the section has been renumbered. At the time, it was section (a)(1)(E).

disclose information regarding its expert witnesses if the defendant first requests the information. Once the requested information is provided, the government is entitled . . .to reciprocal discovery of the same information from the defendant. The disclosure is in the form of a written summary and only applies to expert witnesses that each side intends to call. ***Although no specific timing requirements are included, it is expected that the parties will make their requests and disclosures in a timely fashion.***" (Emphasis added). In this case the defendant requests the information 30 days prior to trial. The government has agreed it will provide the requested information at least two weeks prior to trial. The language in Rule 16(G) which requires expert witness information disclosure indicates it shall be provided "upon defendant's request." Similar language is found in Rule 16(A) -(D), and Judge Piersol's Scheduling Order requires that information to be provided "forthwith" upon defendant's request. Trial in this case is scheduled for April 7, 2009, which is already less than 30 days away. Accordingly, defendant's motion is GRANTED in part. The Government shall disclose expert summaries immediately upon receipt of this order.

### Defendant's Motion to Produce Pretrial Designation of Out-Of-Court Statements (Doc. 60)

Defendant requests the government to identify any out-of-court/hearsay statement it intends to offer at trial. The government correctly asserts the request is outside its discovery obligations. Accordingly, the motion is DENIED.

### Defendant's Motion for Bill of Particulars (Doc. 57)

Defendant moves for a bill of particulars asserting Counts 1-4 do not inform him what "sexual activity" or "criminal sexual conduct" he is accused of in the Indictment. In the alternative, defendant requests the Indictment be dismissed because it does not state in plain, concise or definitive language, the essential facts constituting the offenses against him in such a manner as to enable him to prepare a proper defense.

Defendant is charged in Counts 1-4 with a violation of 18 U.S.C. § 2423(a) which provides:

-3-

**Transportation with intent to engage in criminal sexual activity**. – A person who knowingly transports an individual who has not attained the age of 18 years in interstate or foreign commerce, . . . with intent that the individual engage in prostitution, or in any sexual activity for which any person can be charged with a criminal offense shall be fined under this title and imprisoned . . .

Counts 1 through 4 of the Indictment refer to "criminal sexual conduct in violation of SDCL §§ 22-22-1, 22-22-7[2] and 22-22-24.3[3]." Defendant asserts SDCL 22-22-1 contains various subparts and therefore the Indictment fails to specify what "sexual activity" or "criminal sexual conduct" is charged.

SDCL 22-22-1 states in pertinent part:

**Rape defined - Degrees - Felony**

Rape is an act of sexual penetration accomplished with any person under any of the following circumstances:

(1) If the victim is less than thirteen years of age; or
(2) Through the use of force, coercion, or threats of immediate and great bodily harm against the victim or other persons within the victim's presence, accompanied by apparent power of execution; or
(3) If the victim is incapable, because of physical or mental incapacity, of giving consent to such act; or
(4) If the victim is incapable of giving consent because of any intoxicating, narcotic, or anesthetic agent or hypnosis; or
(5) If the victim is thirteen years of age, but less than sixteen years of age, and the perpetrator is at least three years older than the victim.

---

[2]SDCL §22-22-7 defines sexual contact with a child under sixteen as a felony or a misdemeanor, depending on the age difference between the victim and the offender.

[3]SDCL §22-22-24.3 criminalizes sexual exploitation of a minor, which is defined in relevant part as causing or knowingly permitting a minor to engage in an activity or the simulation of an activity that:
(1) is harmful to minors;
(2) involves nudity; or
(3) is obscene.

Under Rule 7(f) of the Federal Rules of Criminal Procedure, it is within the sound discretion of the court to determine whether a bill of particulars should be provided, and the court should grant the motion if necessary to prevent unfair surprise at trial. United States v. Maull, 806 F.2d 1340, 1345 (8th Cir. 1986). See also, United States v. Butler, 822 F.2d 1191, 1193-94 (D.C.Cir.1987). The court must strike a "prudent balance" between the legitimate interest of the government and the defendant. United States v. MacFarlane, 759 F.Supp. 1163, 1169 (W.D.Pa.1991). A bill of particulars is not a discovery tool or a device for allowing the defense to preview the government's theories or evidence. United States v. Hester, 917 F.2d 1083, 1084 (8th Cir. 1990). A bill of particulars properly includes clarification of the indictment, not the government's proof of its case. United States v. Smith, 341 F.Supp. 687, 690 (N.D.Ga.1972).

Each of Counts 1-4 indicates a specific date, a specific location, and the name of the victim. The United States has represented to the Court that it has supplied extensive discovery including the witness statements describing the defendant's alleged conduct on the specific dates. Defense counsel should be able to match the dates with the information provided in discovery to the crimes described in the above cited statutes to determine with sufficient certainty the conduct with which his client is accused. Because defendant has received discovery which will inform the defendant of the specific details of the crimes alleged and because the Indictment in this case provides the Defendant with the essence of the charges against him, the Defendant has not shown that a bill of particulars is necessary to prevent unfair surprise at trial. Accordingly, the Motion for Bill of Particulars is DENIED.

# **ORDER**

Based on the above, it is hereby

ORDERED that:

1. Defendant's Request Pursuant to 404(b) (Doc. 38) and Defendant's Motion for Disclosure of Other Acts Evidence (Doc. 61) are GRANTED IN PART and DENIED IN PART.

2. Defendant's Motion to Exclude Spousal Communications (Doc. 62) and Defendant's Motion to Suppress re: Gray Cell Phone (Doc. 63) are DENIED AS MOOT.

3. Defendant's Motion for Discovery (Doc. 47) is DENIED AS MOOT, subject to leave to reopen if discovery becomes disputed.

4. Defendant's Motion for Production of Expert Summaries (Doc. 59) is GRANTED in part.

5. Defendant's Motion for Pretrial Designation of Out-Of-Court Statements (Doc. 60) is DENIED.

6. Defendant's Motion for Bill of Particulars (Doc. 57) is DENIED.

Dated this 10th day of March, 2009.

                                  BY THE COURT:

                                  s/John E. Simko
                                  _____
                                  John E. Simko
                                  United States Magistrate Judge